UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| PIERRE STEWARD, *Pro Se*, | ) | Case No.: 1:19 CV 170 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to *Pro Se* Plaintiff Pierre Steward ("Plaintiff"or "Steward") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. (ECF Nos. 12, 14.) However, Plaintiff's sparse brief consists of a short, one-page description of his symptoms that is accompanied by correspondence from a certified nurse practitioner. (ECF No. 12). The nurse's correspondence references an MRI apparently performed on March 19, 2018, which identifies a herniated disc and associated nerve compression as the cause of Plaintiff's pain. (*Id.*) But,

importantly, Plaintiff obtained this evidence after the administrative hearing and after the Administrative Law Judge ("ALJ") issued his decision.

Judge Burke submitted her R & R (ECF No. 15) on January 8, 2020, recommending that the court affirm the Commissioner's final decision. First, the R & R finds that the ALJ properly considered the relevant evidence and agrees that "this evidence supports the ALJ's determination that Steward's impairments were not disabling." (R & R at PageID 659, ECF No. 15.) In reaching this conclusion, Judge Burke did not consider the March 2018 MRI results because they post-dated the ALJ's decision, and a court's review is limited to the evidence presented to the ALJ. (*Id.* (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).) Second, the R & R concludes that it is not appropriate to remand to allow the ALJ to consider the March 2018 MRI results. Judge Burke points out that, "at best, the March 2018 MRI . . . is evidence of a worsening condition" that worsened *after* the administrative hearing and the ALJ's decision. (R & R at PageID #660, ECF No. 15.) That being the case, Plaintiff is not entitled to remand. Instead, the Magistrate Judge suggests that "the appropriate remedy would be [for Plaintiff] to initiate a new claim for benefits as of the date that his condition rose to the level of a disabling impairment." (*Id.* (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)).)

Objections to the R & R were due by January 22, 2020, but Plaintiff did not submit any. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the

record and controlling case law. Accordingly, the court adopts as its own Judge Burke's Report and

Recommendation (ECF No. 15). The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

>                                /s/ *SOLOMON OLIVER, JR.*
>                                UNITED STATES DISTRICT JUDGE

January 28, 2020